UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 22-8234 PA (MAAx) | Date | March 15, 2023 |
| Title | Travelers Commercial Insurance Company v. Theresa Hall, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS ORDER

Before the Court is a Special Motion to Strike the Complaint Pursuant to Cal. Civ. Proc. Code § 425.16 ("Motion"), filed by defendants Theresa Hall, Charles Hall, and John Hall, Jr. (collectively, "the Halls"). (Docket No. 25.) Plaintiff Travelers Commercial Insurance Company ("Travelers") filed an Opposition and the Halls filed a Reply. (Docket Nos. 27–28.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that the matter is appropriate for decision without oral argument. The hearing calendared for March 13, 2023, at 1:30 p.m. was vacated, and the matter taken off calendar.

## I. Background

This is an action for breach of a settlement agreement. Travelers insured Mary Cosio and Chester Naguit (collectively, the "insureds") under an automobile insurance policy with liability coverage. (See, e.g., Docket No. 27-1 ¶ 3.) Naguit was involved in an auto accident that resulted in the death of John Hall, Sr., whose heirs are the defendants in this action. (Id.) On December 20, 2019, the Halls sent Travelers a settlement offer ("Settlement Offer"), which stated, in part: "If you want to settle this claim within your insured's policy limits, you must . . . offer all of your applicable policy limits in writing," "[p]rovide us with a copy of your declarations page," and "[p]rovide us with an acceptable release." (Docket No. 25-1, Ex. A.) Additionally, the Settlement Offer stated: "The release must only release your insureds. Do not attempt to release parties that are not under your policy" and "do not send us a proposed release that clearly does not meet the terms of this offer; if you do, we will consider it a counter offer and pursue your insureds for the full value of our client's claim." (Id.) The Settlement Offer further specified: "[W]ritten acceptance of these terms must be in our hands before December 31, 2019." (Id.)

Shortly after receiving the Settlement Offer, Travelers emailed the Halls and agreed to pay its $15,000 policy limits and send the Halls a proposed release. (Docket No. 27-1, Ex. 5.) Travelers also sent its insureds' declarations to the Halls. (Id.) Before the Settlement Offer

expired, the Halls filed a wrongful death action against the insureds in Los Angeles County Superior Court.[1/] (Docket No. 25-1 ¶ 5.) On December 31, 2019, Travelers sent the Halls a proposed settlement agreement ("Proposed Release") and an email: "Please allow this email to confirm we accept your demand for policy limits . . . ." (Id., Ex. B.) The Proposed Release specified that the Halls would dismiss with prejudice any complaint filed against Travelers insureds and release the insureds – and their "officers, shareholders, members, predecessors, successors" etc. – from all claims arising out of the auto accident, in exchange for the policy limits. (Id., Ex. C.) The Halls then continued to pursue their claims against Travelers' insureds in the State Court Action, which is still pending. On November 10, 2022, Travelers filed this action for breach of contract. (Docket No. 1.)

## II. Legal Standard

"The anti-SLAPP [Strategic Lawsuits against Public Participation] statute was enacted to allow early dismissal of meritless [F]irst [A]mendment cases aimed at chilling expression through costly, time-consuming litigation." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001). "Under the statute, a civil defendant may move to strike a cause of action based on an 'act in furtherance of [the] right to petition or free speech.'" Id. at 839–40 (quoting Cal. Civ. Proc. Code § 425.16(b)). Although it is a state procedural rule, the Ninth Circuit has held that Cal. Civ. Proc. Code § 425.16(b)'s procedures may be used to dismiss state law claims pending in federal court. United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 973 (9th Cir. 1999). "Anti-SLAPP motions are hybrids of motions to dismiss and motions for summary judgment." Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 836 (9th Cir. 2018). "[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." Id. at 834. "And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard [applies]." Id.

## III. Analysis

The Halls contend that Travelers' Complaint should be stricken pursuant to California's anti-SLAPP statute because Travelers' breach of contract claim lacks merit and chills the Halls' exercise of their First Amendment right of petition. (Docket No. 25.)

[1/] John Hall, Jr., et al. v. Chester Naguit, et al., Case No. 19STCV46417 ("State Court Action").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 22-8234 PA (MAAx) | Date | March 15, 2023 |
| Title | Travelers Commercial Insurance Company v. Theresa Hall, et al. | | |

A court tasked with resolving an anti-SLAPP motion under California Code of Civil Procedure § 425.16(b) employs a two-step process:

> First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined in the statute. If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.

Equilon Enters., LLC v. Consumer Cause, Inc., 29 Cal.4th 53, 67, 124 Cal.Rptr.2d 507, 518 (2002) (citation omitted). "Only a cause of action that satisfies both prongs of the anti-SLAPP statute – i.e., that arises from protected speech or petitioning and lacks even minimal merit – is a SLAPP, subject to being stricken under the statute." Navellier v. Sletten, 29 Cal.4th 82, 89, 124 Cal.Rptr.2d 530, 536 (2002) (emphasis omitted).

The parties do not dispute that Travelers' breach of contract claim arises from the Halls' exercise of their right of petition. Travelers filed its Complaint because the Halls pursued their state court action against Travelers' insureds. See Cal. Civ. Proc. Code § 425.16(e)(1) (stating that an act in furtherance of a person's right of petition or free speech in connection with a public issue includes "any written or oral statement or writing made before a legislative, executive, or judicial proceeding . . ."); Navellier, 29 Cal.4th at 89 ("In the anti-SLAPP context, the critical consideration is whether the cause of action is based on the defendant's protected free speech or petitioning activity.").[2/]

---

[2/] The Halls also argue that their "alleged refusals to respond to settlement offers during litigation" are protected activity under Cal. Civ. Proc. Code § 425.16 and that Travelers' breach of contract claim also arises from the Halls' "First Amendment right to consult counsel and to obtain advice about their representation." (Docket No. 25 at p. 16.) Because the Court finds, and the parties agree, that Travelers' breach of contract claim arises out of the Halls' right to pursue litigation, the Court need not address the Halls' additional arguments under the first step of the Court's anti-SLAPP analysis. The Halls also object that Jennifer Stanton's Declaration is inadmissible based on lack of personal knowledge, hearsay, and the best evidence rule. (Id.) However, "'evidence may be considered at the anti-SLAPP motion stage if it is reasonably

## A. Reasonable Probability of Prevailing

Upon a showing that Travelers' claim arises from a protected activity, "the burden then shifts to the SLAPP plaintiff to establish by a 'reasonable probability' that the [SLAPP] plaintiff will prevail on the claim and that the [moving party's] purported constitutional defenses are not applicable to the case as a matter of law or by a prima facie showing of facts which, if accepted by the trier of fact, would negate such defenses." United States ex rel. Newsham, 190 F.3d at 971 (internal quotations omitted).

### 1. Minimal Merit

To demonstrate that Travelers has a reasonable probability of prevailing on its breach of contract claim, Travelers need only show that its claim has "minimal merit." See Dziubla v. Piazza, 59 Cal.App.5th 140, 148, 273 Cal.Rptr.3d 297 (2020). To satisfy this burden, a plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Soukup v. Law Offices of Herbert Hafif, 39 Cal.4th 260, 291, 46 Cal.Rptr.3d 638 (2006). When assessing "minimal merit," courts do not "weigh evidence[,] resolve conflicting factual claims," or make credibility determinations. Dziubla, 59 Cal.App.5th at 148; Flatley v. Mauro, 39 Cal.4th 299, 326, 46 Cal.Rptr.3d 606 (2006). Instead, courts "accept the plaintiff's evidence as true, and evaluate[] the defendant's showing only to determine if it defeats the plaintiff's [cause] as a matter of law." Bowen v. Lin, 80 Cal.App.5th 155, 161, 295 Cal.Rptr.3d 317 (2022) (internal quotations omitted).

Here, to satisfy its burden, Travelers need only put forth facts showing that the parties formed a contract, Travelers performed under the contract or had a valid excuse for not performing, the Halls breached that contract, and Travelers was damaged as a result. See J.B.B. Investment Partners Ltd. v. Fair, 37 Cal.App.5th 1, 9, 249 Cal.Rptr.3d 368 (2019).

---

possible the evidence set out in supporting affidavits, declarations or their equivalent will be admissible at trial.'" Beyond Blond Prods., LLC v. Heldman, No. CV20-5581 DSF (GSJx), 2021 WL 4859972, at *3 (C.D. Cal. Feb. 8, 2021) (quoting Sweetwater Union High Sch. Dist. v. Gilbane Bldg. Co., 6 Cal.5th 931, 947, 243 Cal.Rptr.3d 880 (2019)). The Court finds that the evidence may be presented in an admissible form at trial and is therefore properly considered at this stage of the litigation. The Halls' objections are overruled.

Travelers maintains that it accepted the Settlement Offer and, therefore, the parties formed a contract. The Halls contend that a release that applied to more than just the named insureds would not be an acceptance of the Settlement Offer. However, the Settlement Offer was not necessarily so precise. Rather, it provided that the "release must only release your insureds. Do not attempt to release parties that are not under your policy." (Docket No. 25-1, Ex. A.) Because, for instance, insurance policies often provide coverage for "insureds" in addition to the named insureds, the Court cannot determine on this record that the Proposed Release was inconsistent with Travelers' acceptance of the Settlement Offer as a matter of law. Accepting Travelers' evidence as true, the facts currently before the Court are sufficient to demonstrate that there is a "reasonable probability" Travelers accepted the Settlement Offer and the parties formed a contract. See Restatement 2d Contracts § 32 ("In case of doubt an offer is interpreted as inviting the offeree to accept either by promising to perform what the offer requests or by rendering the performance, as the offeree chooses."); CSAA Ins. Exch. v. Hodroj, 72 Cal.App.5th 272, 277–278, 287 Cal.Rptr.3d 264 (2021) ("[W]hen parties agree on the material terms of a contract with the intention to later reduce it to a formal writing, failure to complete the formal writing does not negate the existence of the initial contract.").

Travelers has also established a reasonable probability that the Halls breached the agreement by pursuing their wrongful death claim. Additionally, Travelers has demonstrated a reasonable probability that it has been damaged by funding its insureds' defense. (Docket No. 27-1 ¶¶ 11–12.) Thus, Travelers breach of contract claim has "minimal merit."

### 2. Constitutional Defenses

The Halls argue that certain defenses prevent Travelers from prevailing on its breach of contract claim. The Halls refer to their first defense as a "petition privilege," citing to Wilcox v. Superior Court, 27 Cal.App.4th 809, 22 Cal.Rptr.2d 446 (1994). However, the Halls do not explain how the petition privilege applies here, nor do the Halls cite to any cases applying this privilege. Moreover, Wilcox is distinguishable from this action because it did not involve a breach of contract claim or an alleged settlement agreement.

The Halls also assert that the "litigation privilege" applies here because Travelers' breach of contract action "threatens [the Halls'] utmost freedom of access to the court." (Docket No. 25 at p. 27.) The litigation privilege protects communications made in the context of judicial proceedings. See Cal. Civ. Code § 47. However, "[i]f one expressly contracts not to engage in certain speech or petition activity, and then does so, applying the privilege would frustrate the very purpose of the contract if there was a privilege to breach it." Crossroads Invs., L.P. v. Fed. Nat'l Mortg. Assn., 13 Cal.App.5th 757, 787, 222 Cal.Rptr.3d 1, 28 (2017); see Wentland v.

Wass, 126 Cal.App.4th 1484, 1494, 25 Cal.Rptr.3d 109, 116 (2005) ("Just as one who validly contracts not to speak waives the protection of the anti-SLAPP statute so too has he waived the protection of the litigation privilege. The litigation privilege has never shielded one from all liability.") (internal citation omitted). Here, Travelers has demonstrated a reasonable probability that the parties entered into a contract in which the Halls agreed not to pursue their claims against Travelers' insureds. Thus, based on the facts currently before the Court, the litigation privilege does not apply because it would frustrate the purpose of the parties' agreement.

Additionally, the Halls assert that they cannot be held liable for breaching a contract their attorney made on the Halls' behalf. (Docket No. 25 at pp. 16–20.) The Court disagrees. The Halls can indeed be sued for the actions of their attorney insofar as the attorney was acting as the Halls' agent. See Blanton v. Womancare, Inc., 38 Cal.3d 396, 403, 212 Cal.Rptr. 151 (1985) ("Generally, the attorney-client relationship, insofar as it concerns the authority of the attorney to bind his client by agreement or stipulation, is governed by the principles of agency."); Channel Lumber Co. v. Porter Simon, 78 Cal.App.4th 1222, 1230, 93 Cal.Rptr.2d 482, 488 (2000) (explaining that "the client as principal is bound by the acts of the attorney-agent within the scope of his actual authority") (internal quotations omitted).

Travelers has met its burden to show that the Halls' defenses "are not applicable to the case as a matter of law or by a prima facie showing of facts which, if accepted by the trier of fact, would negate such defenses." United States ex rel. Newsham, 190 F.3d at 971. Overall, Travelers has demonstrated a reasonable probability of prevailing on its claim. Therefore, the Court declines to strike Travelers' Complaint.

## Conclusion

For all of the foregoing reasons, the Court denies the Halls' Special Motion to Strike the Complaint Pursuant to Cal. Civ. Proc. Code § 425.16. The Halls shall file their Answer to the Complaint by no later than March 29, 2023.

IT IS SO ORDERED.